IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRIAN HILVETY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3174 |
| | ) | |
| R.A. MITCHELL and ARLIE ALEXANDER, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Brian Hilvety's Motion to Remand (d/e 3) and the United States' Motion to Dismiss (d/e 5). For the reasons set forth below, the Motion to Remand is denied, and the Motion to Dismiss is allowed.

STATEMENT OF FACTS

On June 11, 2008, Plaintiff Brian Hilvety filed this action in Illinois Circuit Court for Shelby County, Illinois. Notice of Removal (d/e 1), attached Complaint. The Complaint alleged that Defendants R.A. Mitchell and Arlie Alexander wrongfully recorded a Notice of Federal Tax Lien in the amount of $8,004.26, against Hilvety in Shelby County, Illinois. The

1

Complaint alleged that:

> On November 19, 2007, Defendant(s) R.A. Mitchell and Arlie Alexander, entered a document styled "notice of federal tax lien" purportedly under color of their official capacity under Article II Executive Power and authority and under the name of the Internal Revenue Service located in a United States Judicial District directing the deprivation of property of plaintiff in the amount of 8004.26.

Complaint, ¶ 27.

The Complaint alleged that there was no judgment entered to support the lien, and thus, the lien was illegal and an unconstitutional denial of due process and deprivation of property. Complaint, ¶¶ 28-32. The Complaint further alleged that R.A. Mitchell and Arlie Alexander performed these acts in their individual capacities. Complaint, ¶ 33. The Complaint prayed that the court declare the Notice of Federal Tax Lien "be held invalid, illegal, unconstitutional, with direction to have the County Recorder remove said 'notice of federal tax lien' from the record ab initio." Complaint, at 6.

A copy of the Federal Notice of Tax Lien was attached to the Complaint as an Exhibit. Complaint, attached Federal Notice of Tax Lien. The Federal Notice of Tax Lien was signed by R.A. Mitchell for Arlie Alexander under the title Revenue Officer. The Federal Notice of Tax Lien was for 2003 income taxes in the amount of $8,004.26.

2

The Complaint was served on Arlie Alexander on July 9, 2008. The Complaint was not served on R.A. Mitchell, the United States Attorney General or the United States Attorney for the Central District of Illinois.

The Notice of Removal was filed on August 7, 2008, "by and on behalf of R.A. Mitchell, Arlie Alexander, and the United States of America." <u>United States of America's Notice of Removal to the United States District Court for the Central District of Illinois (d/e 1) (Notice of Removal)</u>, at 1. The Notice of Removal stated that the action was removable pursuant to 28 U.S.C. § 1442(a)(1). The United States then filed, "on behalf of itself and its officers" a Motion to Dismiss. <u>Motion to Dismiss (d/e 5)</u>, at 1.

## ANALYSIS

Hilvety moves to remand. He asserts that this Court lacks removal jurisdiction. The Court disagrees. Section 1442(a)(1) states:

> (a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue.

28 U.S.C. § 1442(a)(1).  Hilvety filed this action against officers of the United States Internal Revenue Service in their individual capacity for an act under color of law to collect revenue, i.e., recording the Notice of Federal Tax Lien attached to the Complaint.  This Court, therefore, has removal jurisdiction.

Hilvety argues that the United States has no standing.  This is unimportant since the Notice of Removal was filed by and on behalf of the named Defendants, as well as the United States.  The named Defendants, therefore, filed the Notice of Removal.  The action is properly removed.

Hilvety makes various constitutional arguments that this Court lacks jurisdiction to hear this case.  He is incorrect.  His arguments merit no further comment.  This Court has removal jurisdiction pursuant to § 1442(a)(1).  The Motion to Remand is denied.

The United States' Motion to Dismiss is also well-taken.  Hilvety seeks to void a federal tax lien.  To do so, he must name the United States and make it a party to the case. He must also serve the United States in the manner required by statute in order to waive the sovereign immunity of the United States to determine the validity of a federal lien on real estate.  28 U.S.C. § 2410.  He has not done so.

Furthermore, the Complaint fails to state a claim even if Hilvety properly named and served the United States. His only allegation is that the Defendants did not secure a judgment before filing the lien. A tax lien arises if: (1) a person is liable to pay the tax; (2) the government provides notice of liability and demands payment; and (3) the person neglects or refuses to pay. 26 U.S.C. § 6321. Once the lien arises, the Internal Revenue Service is authorized to file a Notice of Federal Tax Lien. 26 U.S.C. §§ 6323(a) & (f). The allegation that the Defendants failed to secure a valid judgment, therefore, is irrelevant and would not give Hilvety a right to have the lien declared void. Hilvety fails to state a claim.

THEREFORE, Plaintiff Brian Hilvety's Motion to Remand (d/e 3) is DENIED, and the United States' Motion to Dismiss (d/e 5) is ALLOWED. This Complaint is dismissed. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 31, 2009

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE